UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DELIA BISUANO, | ) |
|     Plaintiff, | ) No. CV-12-00049-CI |
| v. | ) ORDER GRANTING DEFENDANT'S |
| CAROLYN W. COLVIN, Commissioner of Social Security,[1] | ) MOTION FOR SUMMARY JUDGMENT |
|     Defendant. | ) |

BEFORE THE COURT are cross-motions for Summary Judgment. ECF No. 14, 17. Attorney Maureen J. Rosette represents Delia Bisuano (Plaintiff); Special Assistant United States Attorney Willy M. Le represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to FED. R. CIV. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**JURISDICTION**

On December 8, 2008, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, along with a Title XVI application for supplemental security income alleging disability in both claims beginning March 5, 2007.  Tr. 17; 164-65. Plaintiff reported that she could not work due to "depression and memory problems" and these limited her ability to work because she felt "overwhelmed, depressed, it is hard to concentrate, cannot remember." Tr. 168. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). Tr. 83-130. A hearing was held on June 30, 2010, at which medical expert Ronald M. Klein, vocational expert K. Diane Kramer and Plaintiff, who was represented by counsel, testified. Tr. 34-81. ALJ Marie Palachuk presided. Tr. 34. The ALJ denied benefits on August 2, 2010. Tr. 17-24. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff completed the tenth grade, and at the time of the hearing, she was 48 years old, four-foot eleven inches tall, and she weighed 174 pounds. Tr. 47-48.  She was married and living in an apartment with her husband and one of her daughters.  Tr. 333.

Plaintiff worked as a care giver for her mother, and when her mother moved into a rest home, Plaintiff stopped working. Tr. 169. Plaintiff reported that she used drugs for 24 years and when she stopped using in October 2007, she experienced pain, and she could not work because she "couldn't deal with people or depression." Tr.

169.  Her previous jobs included working as a care giver to her parents, janitorial work, and working at a clothing store.  Tr. 49-53.

Plaintiff said she experiences mood swings, and she has anxiety and depression.  Tr. 67.  She said medication makes it worse.  Tr. 67.  Plaintiff testified that her low back and legs hurt.  Tr. 59-60.  She said when she gets upset or eats, her stomach hurts and "blows up like I'm four months pregnant."  Tr. 61.  She testified she has headaches four to five times per week and she has to lie down.  Tr. 62.  Plaintiff testified that the longest she can sit without changing positions is thirty minutes, and she can stand for about 15 to 20 minutes before she gets too tired.  Tr. 63-64.  She said the only way for her to get up a staircase is to crawl.  Tr. 65.  Plaintiff said she had bladder problems, and she said she has to urinate four to five times during the night, and when she coughs or throws up, she leaks urine.  Tr. 66.  She said her physician attributed this to her age.  Tr. 66.  Plaintiff said she sleeps or is lying down most of the day every day, and she "[does not] want to do anything."  Tr. 63; 69.  She said she does housework "once every while" and that makes her tired.  Tr. 69.

Plaintiff admitted that beginning in her teens, she started using acid, cocaine, and eventually methamphetamine, and she abused alcohol for many years.  Tr. 255.  She testified that she has been clean since October 2007.  Tr. 60.

**ADMINISTRATIVE DECISION**

At step one, ALJ Palachuk found that Plaintiff had not engaged in substantial gainful activity since March 5, 2007.  Tr. 19.  At step two, she found Plaintiff had the severe impairments of obesity

and malingering.  Tr. 19.  At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. § 416.920(d), 416.925 and 416.926).  Tr. 21.  The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform medium work with the following limitations: "The claimant can only occasionally climb ramps, stairs, ladders, ropes and scaffolds.  She is limited to brief and superficial social interaction with the public.  She has sufficient attention and concentration to understand, remember, and follow simple instructions and perform simple tasks."  Tr. 21.  In step four findings, the ALJ found Plaintiff's statements regarding pain and limitations were not credible to the extent they were inconsistent with the RFC assessment.  Tr. 22.  The ALJ concluded that Plaintiff is capable of performing past relevant work, such as (1) home attendant; (2) cleaner, industrial; and (3) bindery machine off-bearer.  Tr. 23.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of*

*Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous


occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

**ISSUES**

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff argues that the ALJ erred by failing to properly weigh the medical evidence. ECF No. 15 at 13-15.

**DISCUSSION**

**A.   Kayleen Islam-Zwart, Ph.D.**

Plaintiff contends that the ALJ failed to set forth specific and legitimate reasons for rejecting Dr. Islam-Zwart's opinion. ECF NO. 15 at 13-14. Plaintiff argues that contrary to the ALJ's conclusion, the test administered by Dr. Islam-Zwart did not indicate malingering, and the doctor opined that the invalid portions were likely due to cognitive problems. ECF No. 15 at 13.

As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.

*Id.* Where the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Where a medical source's opinion is based largely on the Plaintiff's own subjective description of symptoms, and the ALJ has discredited the Plaintiff's claim as to those subjective symptoms, the ALJ may reject that opinion. *Fair v. Bowen*, 885 F.2d at 605; *and see Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) (Commissioner appropriately discounted claimant's nonexertional impairment complaints due to lack of corroborative evidence and consulting physician's suspicion that claimant was malingering). Also, an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings. *Batson*, 359 F.3d at 1195.

On May 22, 2009, Dr. Islam-Zwart examined Plaintiff and completed a psychological/psychiatric evaluation form, along with a narrative report. Tr. 318-36. Dr. Islam-Zwart noted that the records related to Plaintiff's prior psychological testing were incomplete:

> According to records, Ms. Bisuano was tested with the WASI on August 19, 2008 and achieved a full scale IQ of 85 using the abbreviated measure. However, there was a significant discrepancy between her Verbal score of 77 and her Performance IQ score of 95. Such a discrepancy is often indicative of cognitive impairment; however, it is difficult to make too many inferences without the original testing materials. It does seem that a more thorough evaluation might be in order (e.g., a WAIS, WMS, Category, Achievement) to determine the extent of cognitive difficulties and rule out learning disorders, especially given her performance on the Trail Making Test and during the evaluation generally.

Tr. 326. Dr. Islam-Zwart concluded that Plaintiff's "cognitive and psychological problems are such that she is unable to work at this time." Tr. 326.

The ALJ gave little weight to the opinion of Dr. Islam-Zwart because he "failed to consider the many indications of malingering and appeared to rely heavily upon the claimant's self-reporting." Tr. 23. In this case, the ALJ's findings are supported by the record. Dr. Islam-Zwart noted that in his examination, Plaintiff's PAI responses were indicated that Plaintiff portrayed herself "in an especially negative and pathological manner, possibly associated with malingering. Given the potential for considerable distortion, results could not be interpreted further." Tr. 333. Moreover, the record contains significant evidence revealing several other instances in which Plaintiff was suspected of malingering. See e.g., Tr. 41-45; 258; 293-94. In light of the significant evidence of Plaintiff's malingering, the ALJ's discounting of Dr. Islam-Zwart's opinion because the doctor failed to appropriately consider Plaintiff's lack of credibility was proper and supported by the record.

**B.    W. Scott Mabee, Ph.D.**

Plaintiff contends that the ALJ erred by giving no reason for rejecting the opinions of Dr. Mabee. ECF No. 15 at 13. The ALJ did not address the evaluation conducted by Shari Lyszkiewicz, LMHC, and supervised by Dr. Mabee. The ALJ need not discuss all evidence presented; rather, the ALJ need only explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). On August 19, 2008, Shari Lyszkiewicz, MS, LMHC, examined Plaintiff and completed a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

psychological/psychiatric evaluation form, along with a narrative report. Tr. 251-61. W. Scott Mabee, Ph.D., indicated he reviewed the narrative report and believed that it complied with the professional standards for psychological evaluation. Tr. 261. His signature also appears on the evaluation form. Tr. 254.

Ms. Lyszkiewicz's narrative indicated that Plaintiff's Low Average IQ would limit her job choices, but many positions existed that she could perform. Tr. 257. Additionally, the report concluded that Plaintiff was in "a transition period of giving up a lifetime habit of drug use," and if she remained clean, "she should be able to return to work in about three months." Tr. 261. On the psychological/psychiatric evaluation form, Ms. Lyszkiewicz estimated Plaintiff's functional limitations would last three months. Tr. 254.

The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In this case, the evidence presented by Dr. Mabee and Ms. Lyszkiewicz indicated Plaintiff would be expected to return to work within three months. As such, Plaintiff's condition did not fall within the definition of "disability" for purposes of the Social Security Act. *Id.* As noted above, the ALJ need only address why significant probative evidence has been rejected. *Vincent*, 739 F.2d at 1394-95. As a result, the ALJ was not required to discuss the opinion from Dr. Mabee because it was not probative of a disability, as defined in the Social Security Act.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

**C.   Diane Beernink, ARNP**

Plaintiff contends that the ALJ erred by failing to provide reasons for rejecting Ms. Beerninck's opinion that Plaintiff is limited to sedentary work. ECF No. 15 at 14-15.

In the Social Security disability context, nurse practitioners are considered "other sources" and are not "acceptable medical sources." See 20 C.F.R. § 404.1513(a),(d); accord 20 C.F.R. § 416.913(a),(d). Only acceptable medical sources may provide medical opinions. See 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"); accord 20 C.F.R. § 416.927(a)(2).

Diane Beernink treated Plaintiff from March 4, 2008, to March 31, 2010. Tr. 272-89; 342-428. On September 12, 2008, Nurse Beernink completed a physical evaluation form, and indicated that Plaintiff's overall work level was sedentary. Tr. 262-65. The diagnosis provided by Nurse Beernink was "fatigue," and she explained: "her difficulty seems to be partly physical, she cannot get up at 8 a.m., and also mental as the rush of customers overwhelmed her." Tr. 264. Significantly, Nurse Beernink concluded, "I cannot find any physical cause for her fatigue and defer mental health assessment to a psychological health care provider." Tr. 265.

The ALJ may reject a medical providers' opinion that is contradicted by the provider's clinical notes and observations. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). In this

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

case, Nurse Beerninck indicated Plaintiff should be restricted to sedentary work due to fatigue, but the nurse acknowledged she could not "find any physical cause" for Plaintiff's alleged fatigue. In essence, Nurse Beerninck admitted she has no basis for limiting Plaintiff to sedentary work. Moreover, in the absence of a physical explanation for Plaintiff's alleged fatigue, she deferred to the mental health providers who documented multiple instances of affirmative evidence that Plaintiff was malingering. See Tr. 41-45; 258; 293-94. In light of the present circumstances, the nurse's opinion that Plaintiff was limited to sedentary work does not constitute significant and probative evidence of Plaintiff's abilities. As such, the ALJ was neither required to address, nor give reasons for rejecting this opinion. *See Vincent,* 739 F.2d at 1394-95.

Moreover, as Defendant points out, all of Plaintiff's mental health doctors considered Plaintiff's fatigue and none identified exertional limitations related to the alleged fatigue. Tr. 290; 295; 309; 311-13; 320; 325; 335. Under these circumstances, Nurse Beerninck's unsupported assessment that Plaintiff is limited to sedentary work was not material to determining Plaintiff's disability and, thus, the ALJ was not required to specifically address the opinion. The ALJ did not err.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1  **GRANTED.**

2     2.   Plaintiff's Motion for Summary Judgment, **ECF No. 14,** is
3  **DENIED.**

4     The District Court Executive is directed to file this Order and
5  provide a copy to counsel for Plaintiff and Defendant. Judgment
6  shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

7     DATED August 2, 2013.

                            S/ CYNTHIA IMBROGNO
                         UNITED STATES MAGISTRATE JUDGE